UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ARTHUR ANDERSON**<br>REG. # 29252-009 | **:** | **DOCKET NO. 2:22-cv-5799**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Arthur Anderson. Anderson is an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institute at Oakdale ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

On April 26, 2022, the Disciplinary Hearing Officer ("DHO") determined that Anderson was guilty of committing the prohibited act of Possession of a Hazardous Tool (Cell Phone).

Anderson brings this petition seeking expungement of a prison disciplinary proceeding that took place at FCIO and removal of sanctions, which include of 41 days of good time credit. He alleges that the DHO proceedings did not comply with the due process standards for the following reasons: "(1) UDC failed to follow policy by not making note of inmate witness and failing to

provide staff representation; (2) DHO failed to allow inmate witness who would have been able to the fact. Did not possess cell phone. Failed to provide staff representation to gather statements; and (3) DHO hearing officer violated Program Statement 541.5(8) using my silence to reach and draw on adverse inference against Petitioner, stating 'He' believes a reasonable person would have provided a statement, regarding such claims. Doc. 1, p. 6, ¶ 13. He also contends that his Fifth Amendment rights were violated when he was placed in the SHU. *Id.* at p. 7. Accordingly, he seeks restoration of his good time credits, expungement of the charge and a transfer to a "camp of choice." *Id*.

## II.
## LAW & ANALYSIS

### A. 28 U.S.C. § 2241

A 28 U.S.C. § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas challenge to a disciplinary proceeding, an inmate must show that the punishment intrudes on a liberty interest protected by the Constitution or some other law. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin v. Conner*, 115 S.Ct. 2293 (1995)). It is assumed that federal prisoners have a liberty interest in their accumulated good conduct time. *See, e.g.*, *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Watkins v. Lnu*, 547 Fed. App'x 409, 410 (5th Cir. 2013) (unpublished). Thus, because a loss of good conduct time is involved in this proceeding, the Supreme Court's analysis in *Wolff v. McDonnell*, 94 S.Ct. 2963 (1974), and *Superintendent, Massachusetts Correctional Institution v. Hill*, 105 S.Ct. 2768 (1985), governs our review. In order for a prison disciplinary proceeding to comport with the requirements

of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) the requirement that on review, "some evidence" support the ruling. *Hill*, 105 S.Ct. at 2773–74; *Wolff*, 94 S.Ct. at 2978–80.

### B. *Application*

The record reveals that petitioner received all due process due under *Wolff*. Anderson was notified of the charges against him on March 17, 2022, and was provided a copy of a written incident report within twenty-four hours of the date of the incident. *See* Response to Regional Administrative Remedy Appeal, doc. 1, att. 2, p. 6. He was advised of his rights before the DHO and stated that he understood his due process rights and raised no issues about the discipline process. *Id*. The DHO hearing was held on April 26, 2022. Based on the foregoing, petitioner received sufficient notice of the charges against him, more than twenty-four hours before the DHO hearing.

The record also reveals petitioner was afforded the opportunity to appear, make a statement, call witnesses, and present rebuttal evidence. The DHO report states the following:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights before the DHO and raised no issues about the discipline process to this point. You had no documentary evidence to present. You did not request a staff representative nor any witnesses. You indicated to the DHO you were ready to proceed with the hearing.
>
> …
>
> The DHO asked whether you admitted or denied the charges; you stated: 'I deny the possession of the cellphone and I deny tampering with it. The altercation had nothing to do with the cellphone. The other staff did not assist with the phone at all. She said I was threatening and then we had a loud discussion about the phone. I don't know whether the phone came from.' The DHO asked you about the specifics of what happened during

>>the incident by you continuously evaded the question and again stated it was not about the phone.
>
>...

*Id.* at p. 3.

Therefore, the only determination left is whether there was "some evidence" presented upon which a reasonable, impartial adjudicator could rely to find that petitioner committed the prohibited act of Possession of a Hazardous Tool (Cell Phone). The DHO report outlines the evidence relied upon by the DHO and the reasons for reaching this decision. The DHO relied upon the statement of the reporting officer, which set forth the details of him conducting security rounds and observing Anderson "standing up at his wall locker texting on a black cell phone." *Id.* at p. 3. He gave Anderson several direct orders to hand over the phone and step away from the locker, and he refused, continuing to touch "several buttons on the cell phone until the cell phone screen went completely out." *Id.* Anderson was escorted away by another officer. At that time, the reporting officer stated that he picked up on the cell phone and attempted to access the screen, at which time he noticed that Anderson had "conducted a master resent on the cellular device in an attempt to erase any identifying digital information." *Id.* The DHO found the reporting officer to be clear in his report and could find no obvious reason for the staff member to fabricate any part of this incident report. *Id.* The DHO determined that Anderson was "denying his role in the incident in an effort to avoid being sanctioned for his actions." *Id.*

Accordingly, it cannot be said that there was no evidence to support the DHO's findings; rather, the evidence is sufficient to sustain a disciplinary conviction. Therefore, petitioner fails to show a right to federal habeas relief.

Moreover, Anderson's request for a transfer to another facility should be denied, as a prisoner has no constitutionally protected interest in a particular facility or a specific work

assignment. *Olim v Wakinekona*, 103 S. Ct. 1741, 1745 (1983); *Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988) (The BOP had no duty to transfer an inmate to a prison closer to his wife's residence.); 18 U.S.C. § 3621(b) (vesting the BOP with the discretion to determine an inmate's place of imprisonment).

### III.
#### CONCLUSION

For the reasons stated above, Anderson's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE